IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

JOEL AARON SILBERMANN,

    Plaintiff,

v.

EVERALD F. THOMPSON,

    Defendant.

Case No.: GJH-15-2345

## MEMORANDUM OPINION

Joel Aaron Silbermann, a self-represented plaintiff, filed this Complaint on August 7, 2015, accompanied by a Motion to Proceed in Forma Pauperis. He will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1) because his financial affidavit indicates that his only source of income is disability payments.[1]

Silbermann's statement of facts reads:

> This is an disbarment complaint for sound legal advice. Disbar my attourney and prevent him from practicing law wheras free the prisoner from deplorable conditions. Until all appeal remidies are lost. The food in your county jails are not fresh fruits and vegistibles Acording to USDA law. I want to be compensated for my inadiquite health.

ECF 1 at 2.[2]

Silbermann is requesting damages of $900 million and an injunction ordering "disbarment and imprisment for fair justice." *Id.* at 3. Silbermann does not specify

---

[1] Since August 6, 2015, Silbermann has filed eight civil actions in this Court.

[2] The Court has transcribed the statement of facts as provided in the Complaint, without correcting typographical errors.

reasons why he believes Defendant's actions were wrongful or should subject him to disbarment.

Rule 8(a) of the Federal Rules of Civil Procedure governs the requirements for stating a proper claim for relief:

> A pleading which sets forth a claim for relief . . . shall contain 1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds for jurisdiction to support it, 2) a short and plain statement of the claim showing that the pleader is entitled to relief, and 3) a demand for judgment for the relief the pleader seeks. Relief in the alternative or of several different types may be demanded.

Fed. R. Civ. P. 8(a). A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (internal quotation marks omitted).

Silbermann's Complaint has been accepted for filing under 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the filing fee. To guard against abuse of this privilege, a court must screen and dismiss claims deemed frivolous, malicious or that fail to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

In screening a complaint, a federal judge has an obligation to liberally construe the pleadings of self-represented litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The self-represented plaintiff's allegations are assumed to be true. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Nonetheless, liberal construction does not mean that a court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("Federal jurisdiction may not be premised on the mere

citation of federal statutes."); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented").

Even under the liberal standard accorded to self-represented litigants, Silbermann does not state a cognizable claim, nor does he explain why he is pursuing an action against Defendant in this court. The Complaint does not provide Defendant fair notice of Plaintiff's claim nor the grounds upon which it rests. Accordingly, this case will be dismissed. Separate Order to follow.

Dated: _August 28, 2015_

GEORGE J. HAZEL
United States District Judge